Jacob Markowitz, J.
Petitioners move for an order restraining and enjoining any party to the arbitration agreement of November 7, 1957 from prosecuting any actions or proceedings to enforce a claim or right against another party to such agreement now pending or hereafter to be commenced in any court of law in the State of New York or any other State of the United States, until determination of the arbitration. The respondents, save the respondent Gartenberg, cross-move for an order expunging the moving affidavit upon the ground that it contains libelous matter.
Involved in this dispute are contiguous oil interests in Louisiana and Texas. Star Pipe Line Co. services oil properties and claim to be entitled to certain pipeline charges. Loutex sought certain expenses claimed to be due from fractional interests in the oil properties. Tower Petroleum Corp. sought certain equipment and operation expenses. On November 7, 1957 the parties engaged in a written agreement of submission of disputes *710 to arbitration. The agreement provides: ‘ ‘ Whereas disputes and differences have arisen, and are still subsisting between the above mentioned parties, it is hereby agreed by and between the parties to refer all disputes and matters in difference whatsoever between them to the award final order and final determination of Pincus Isseson, Simon Kornitzer and Nathan Hausman, in accordance with the laws of the State of New York, as arbitrators, who shall make and publish their award in writing, signed by them and duly acknowledged or certified or proved in like manner as á deed to be recorded.”
Following an award a motion to confirm was denied and a cross motion to disaffirm was granted. Thereafter an application was made for the designation of new arbitrators. The issue was referred whether the agreement is so wedded to the identity of the named arbitrators that the arbitration could proceed before them only. Prior to the hearing’s before the designated Referee a motion was made to vacate the arbitration proceeding upon the ground .that petitioners had commenced an action upon their" claims in Louisiana. That related to the filing of a lien and actions taken pursuant thereto akin to attachment proceedings. The motion was denied and an appeal taken from the order of denial (9 A D 2d 653). Prior to its argument respondents commenced an action in Louisiana for the cancellation of the lien contending that under the Louisiana law the lien was not timely filed and was therefore invalid and respondents also applied in the Appellate Division for a stay of the hearings before the Referee pending • determination of the appeal, not mentioning, however, the existence of the Louisiana action brought by the respondents to cancel the lien of record.
Petitioners contend that by the agreement of submission all disputes between the parties and subsisting up to the time of arbitration are for the arbitrators and therefore the matters in dispute in the Louisiana action instituted by the respondents are for the arbitrators, while respondents contend that the matters for submission to arbitration are limited to those subsisting on November 7, 1957, the date of the submission agreement.
Accordingly,- petitioners have made the present application. In their supporting affidavit the affiant states: “ Before the argument of the said appeal, and after applying for a stay, Salant, Isidor Farber, Morris Lapidus and Meyer A. Shatz, some of the partners in Star Pipe Line Company brought an action in the First Judicial District Court, Caddo Parish, Louisiana against New Loutex Gas & Oil Corporation, one of *711 the petitioners herein to cancel and erase its lien. Thus, by staying petitioners, Salant and some of his partners were able to perpetrate a fraud upon the Court by taking advantage of the stay against petitioners and bringing the said action in Louisiana.” It is upon the basis of that statement that the respondents cross-moved to expunge.
It would appear from respondents’ application to vacate the arbitration proceedings upon the ground that on May 14, 1959 petitioners filed their lien in Louisiana, that they then contended that the filing of such lien precedent to an action to foreclose it embraces matters of dispute between the parties subsisting before conclusion of the arbitration by award and final order and therefore within the arbitration, and accordingly by reason of petitioners’ action the arbitration should be vacated. It is unnecessary, however, to pass upon the question directly. A valid attachment is not vaca table merely because the attaching party has submitted to judicial determination a matter embraced in an agreement to arbitrate, although the attachment action will be stayed pending arbitration. By the action in Louisiana the respondents have not sought the vacatur of a valid lien or the stay of proceedings under the lien and attachment action. Bather the respondents in the Louisiana action urge that the lien is invalid and unsupportable for any purpose. They do not challenge or urge the matter of merit to the claims underlying the lien and the determination thereof.
An attaching party may not have the benefit of a lien or attachment pending arbitration of the underlying dispute where the lien or attachment has no statutory basis. If such advantage of a provisional remedy were thus accorded to a party committed to arbitration his position would be superior to that of a party to an action at law who could not sustain Ms provisional remedy against attack. Attachment is not available to the fleet merely for the asking and with immunity from attack upon the regularity and propriety of the remedy itself.
With respect to the alleged offending affidavit, if it is believed that it is libelous and without defense of absolute privilege there is a remedy, but the issue is not so clear as to warrant the drastic action of expunging statements from the record upon the grounds urged. Finally, the court will not undertake to act upon a demand to stay any action in any place at any time. As to the instances here involved, petitioners are not entitled to relief. The motions are denied,